UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BRADLEY PARKER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>A.P. ACCOUNT SERVICES, LLC,<br><br>    Defendant. | Case No.: 15-cv-1242<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Bradley Parker is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family or household purposes.

5. Defendant A.P. Account Services, LLC ("AP") is a foreign limited liability company with its principal place of business located at 9311 San Pedro Avenue, Suite 600, San Antonio, Texas 78216.

6. AP is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. AP is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. AP is a "debt collector" as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

**FACTS**

8. On or about November 25, 2014, AP mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Baxter Credit Union." A copy of this letter is attached as Exhibit A.

9. Upon information and belief, the alleged debt in Exhibit A was incurred for personal, family or household purposes, namely, a personal credit card account.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is the first letter that AP sent to Plaintiff regarding the alleged Baxter Credit Union credit card account identified in Exhibit A.

12. Exhibit A states that an amount of $114.00 is "PAST DUE".

13. On or about December 24, 2014, AP mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Baxter Credit Union." A copy of this letter is attached as Exhibit B.

14. The alleged account identified in Exhibit B was the same personal credit card account identified in Exhibit A. Both Exhibits A and B identify the account that AP is collecting as a sixteen digit credit card account ending in 2799.

15. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

16. Exhibit B states that an amount of $146.00 is "PAST DUE".

17. The Fair Debt Collection Practices Act requires a debt collector to send a written notice to the consumer within five days of the initial communication "in connection with the collection of *any debt*":

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. Exhibit B, for the first time, includes a new debt of $32.00 that is not included on Exhibit A.

19. When it attempted to collect an additional debt from Plaintiff, 15 U.S.C. § 1692g(a) required AP to send a new written notice to Plaintiff.

20. Exhibit B does not include a 15 U.S.C. § 1692g(a)(3)-(5) notices for the new alleged debt.

21. Plaintiff did not receive any other written communications from AP containing the 15 U.S.C. § 1692g(a) notice in reference to the $32.00 debt.

22. Failure to provide the notice pursuant to 15 U.S.C. § 1692g(a) is a material violation of the FDCPA. The notice informs the consumer of his or her rights to dispute the debt,

3

and to receive verification of the debt, during which process many debt collection activities must stop. 15 U.S.C. § 1692g(b).

23. Neither Exhibit A nor Exhibit B explains the reason why the "PAST DUE" amount increased by $32.00 in the one month between the dates that AP sent the two collection letters to Plaintiff. The two letters together are confusing to the unsophisticated consumer.

24. Neither Exhibit A nor Exhibit B state that interest is accruing, or that a fee was charged, or otherwise identify the reason why Exhibit B seeks $32.00 more than Exhibit A after one month. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, 8s Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000) (holding that debt collector must "state the total amount due—interest and other charges as well as the principal"; and fashioning a "safe harbor" formula in which the accrual of interest is specifically dealt with).

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

## COUNT I – FDCPA

28. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

29. The additional $32.00 amount added to Plaintiff's alleged debt is a new debt that requires AP to send Plaintiff a notice pursuant to 15 U.S.C. § 1692g.

30. Defendant failed to send the 15 U.S.C. § 1692g notice on Exhibit B or in an additional letter.

4

31. AP violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g, and 1692g(a).

## COUNT II – FDCPA

32. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

33. AP failed to explain why the amount that AP was attempting to collect increased by almost 25%, $32.00, over one month.

34. AP violated 15 U.S.C. §§ 1692e, 1692e(2)(a), and 1692e(10).

## CLASS ALLEGATIONS

35. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom Defendant sent an initial collection letter, and (c) to whom Defendant sent an additional collection letter seeking amounts in excess of the initial collection letter, and (d) which additional letter did not include the 15 U.S.C. § 1692g(a)(3)-(5) notices, (e) seeking to collect a debt for personal, family or household purposes, (f) on or after October 16, 2014, (g) that was not returned by the postal service.

36. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

40. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

41. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 16, 2015

**ADEMI & O'REILLY, LLP**

By: /S/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com